UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MATTHEW KEITH PARKINSON,<br><br>　　　　　　Defendant. | Case No. 23-20351<br>Honorable Shalina D. Kumar<br>Magistrate Judge Curtis Ivy, Jr. |

**AMENDED OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS (ECF NO. 24)**

I.   INTRODUCTION

A grand jury indicted defendant Matthew Keith Parkinson ("Parkinson") with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. Parkinson seeks to dismiss the indictment, arguing that 18 U.S.C. § 922(g)(1) is unconstitutional on its face and as applied to him. ECF Nos. 24, 28; *see United States v. Williams*, 113 F.4th 637 (6th Cir. 2024). For the reasons detailed below, the Court disagrees that 18 U.S.C. § 922(g)(1) is unconstitutional as applied to Parkinson and thus denies his motion to dismiss.

## II.     FACTUAL BACKGROUND

Parkinson is a member of the Insane Spanish Cobras gang. In May 2023, Genesee County Sheriff's Deputies conducted a traffic stop after Parkinson's vehicle was found to not have insurance. Parkinson consented to a search of his vehicle and deputies found a loaded SCCY, Model CPX-2, 9mm caliber pistol in a holster on the floor next to the driver's seat. A query of the firearm showed that it was stolen on February 28, 2023.

Parkinson has seven prior felony convictions, including, most notably for the purposes of this motion, a conviction for discharge of a firearm from a motor vehicle in 2004.

Parkinson, who was on probation at the time of the shooting, shot at a group of people walking down the street with a semi-automatic weapon and fled the scene. Police arrested Parkinson at his home and a subsequent search of the home led to the seizure of a 12-guage shotgun and marijuana.

Parkinson's criminal history also includes convictions for possession with intent to distribute cocaine and delivery of ecstasy, attempt fleeing and eluding police, fleeing and eluding police – third degree, and assaulting/resisting/obstructing police.

### III. ANALYSIS

#### A. Facial Challenge

The *Williams* decision controls Parkinson's motion to dismiss. *See* 113 F.4th at 657-63. The Sixth Circuit held in *Williams* that "§ 922(g)(1) is constitutional on its face and as applied to dangerous people." *Id.* at 662-63. Accordingly, and as Parkinson's counsel conceded at the hearing on this motion, the argument that § 922(g)(1) is facially unconstitutional is foreclosed by Sixth Circuit precedent. *See id.*; *United States v. Ronald Williams*, 2025 WL 1089531, at *2 (6th Cir. Apr. 11, 2025) (citing *Williams*, 113 F.4th at 657); *see also United States v. Berry*, 2025 WL 1082376, at *1 (6th Cir. Apr. 10, 2025) (*Williams* held that a facial challenge to § 922(g)(1) fails because many of the statute's applications are constitutional and arguments that binding caselaw is wrong must be made to the court of appeals en banc or to the Supreme Court); *United States v. Garrison*, 2024 WL 5040626, at *2 (6th Cir. Dec. 9, 2024) (*Williams* forecloses facial challenge to § 922(g)).

### B. As-Applied Challenge

Accordingly, Parkinson may only challenge his prosecution under § 922(g)(1) on an as-applied basis. To succeed on such a challenge, he must demonstrate he is not dangerous. *Williams*, 113 F.4th at 657.

To determine whether a defendant is dangerous, district courts must consider "the individual's entire criminal record." *Id*. at 657–58. "Courts may consider any evidence of past convictions in the record, as well as other judicially noticeable information–such as prior convictions–when assessing a defendant's dangerousness." *Id*. at 660.

*Williams* provides guidance for how such prior convictions should inform the district court's analysis. First, as previously noted, "crimes against the person," which are "dangerous and violent crimes like murder, rape, assault, and robbery," are "at least strong evidence that an individual is dangerous, if not totally dispositive on the question." *Id*. at 658. A defendant who has committed such a crime faces an "extremely heavy" burden to show that he is not dangerous. *Id*.

Crimes which "pose a significant threat of danger" and "put someone's safety at risk" comprise the second category discussed in *Williams*. *Id*. at 659. These crimes, such as drug trafficking and burglary,

"do not always involve an immediate and direct threat of violence against a particular person," but may "pose a danger to the community" or "create[ ] the possibility of a violent confrontation." *Id*. A defendant who has committed such a crime "will have a very difficult time…of showing he is not dangerous." *Id*. at 663. Similarly, "a pattern of conduct risking or causing physical harm strengthens the inference that a defendant is dangerous enough to be prosecuted under § 922(g)(1)." *United States v. Golden*, 2025 WL 268364, at *2 (N.D. Ohio Jan. 22, 2025) (citing *United States v. Goins*, 118 F.4th 794, 804 (6th Cir. 2024); *United States v. Parham*, 119 F.4th 488, 495 (6th Cir. 2024)).

The third category of crimes includes those that "pose no threat of physical danger, like mail fraud, tax fraud, or making false statements." *Williams*, 113 F.4th at 663. A conviction for these crimes is unlikely to produce a finding that the defendant is dangerous. *Id*. at 659.

Under the *Williams* framework, Parkinson is dangerous and may be constitutionally disarmed. His prior conviction for a drive-by shooting falls somewhere in between *Williams*' first and second categories. Under Mich. Comp. Laws § 750.234a(1)(a), "an individual who intentionally discharges a firearm from a motor vehicle…endangers the safety of another

Page **5** of **10**

individual….» Although a drive-by shooting is not necessarily a "threat of violence against a particular person," it almost certainly poses an extreme and direct "danger to the community." *Williams*, 113 F.4th at 659. Because Parkinson's conviction unavoidably endangered the safety of another person, the history of that conviction results in a heavy burden on Parkinson to show he is not actually dangerous and that disarming him under § 922(g)(1) is unconstitutional. *See, e.g., United States v. Douglas*, 2025 WL 819119, at *3 (E.D. Mich. Mar. 14, 2025) (finding drive-by shooting to be dangerous conduct).

     Yet Parkinson offers no evidence to demonstrate that he is not dangerous. Instead, he argues that "his actions of 20 years ago were reflective of his immaturity and substance abuse at the time, and now at the age of 36 should not be considered dangerous." ECF No. 28, PageID.83. This argument is unavailing. Parkinson has not provided the Court with any cases where young age or brain development is a factor that should be considered in assessing dangerousness under *Williams*. Indeed, the Sixth Circuit recently rejected youth and brain immaturity as a basis to offset evidence that would otherwise result in a finding of dangerousness. *See United States v. Raphael Williams*, 2025 WL 1136326, at *4 (6th Cir. Apr.

17, 2025). "[Y]outhfulness is a factor that may warrant leniency at sentencing—not about how to assess whether a defendant is dangerous for purposes of § 922(g)(1)." *Id*. Given Parkinson's lengthy criminal history, and that he was in his mid-30s at the time of the present charges, the Court is not convinced that his youth at the time of the drive-by shooting overcomes the finding of dangerousness.

Even if the Court were to accept Parkinson's conclusory argument that his youthfulness at the time of the drive-by shooting should not be used to determine his dangerousness, Parkinson has prior drug trafficking convictions that fall into *Williams'* second category. Parkinson argues that "delivery of a controlled substance poses not [sic] threat of physical harm against a person and would not qualify [him] as dangerous." ECF No. 28, PageID.83. But this is a narrow view of dangerousness. "Authorities recognizing the inherent dangers presented by drug trafficking—even 'non-violent' trafficking—are legion, including *Williams*." *United States v. Witherspoon*, 2024 WL 4819433, at *3 (E.D. Ky. Nov. 18, 2024); *see, e.g., Williams*, 113 F.4th at 659 ("Drug trafficking is a serious offense that, in itself, poses a danger to the community.") (citations omitted); *United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) ("[O]ur Court routinely

affirms, on dangerousness grounds, the pre-trial detention of run-of-the-mill drug dealers, even without any indication that the defendant has engaged in violence."); *United States v. Evans*, 2023 WL 5827570, at *5 (E.D. Ky. Sept. 8, 2023) ("The danger-to-the-community factor [of the Bail Reform Act] is not simply about physical violence; the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the community.") (cleaned up); *United States v. Young*, 2020 WL 6702871, at *3 (M.D. Tenn. Nov. 12, 2020) ("The nature of his danger is not only from violence, it is also from drug trafficking and directing others in drug trafficking. Both create further and independent dangers to the community...."). Indeed, district courts in the Sixth Circuit facing *Williams* challenges by defendants with *only* drug trafficking convictions have uniformly found the defendants dangerous. *See e.g., United States v. Bell*, 2024 WL 4589812, at *5 (E.D. Mich. Oct. 28, 2024); *United States v. Gaither*, 2024 WL 4567281, at *2 (N.D. Ohio Oct. 24, 2024); *United States v. Lownsbury*, 2024 WL 4264970, at *7 (N.D. Ohio Sept. 23, 2024).

Although these convictions are enough to prove Parkinson's dangerousness, courts have also found that fleeing from the police while in possession of a weapon or in a way that poses a danger to others

Page **8** of **10**

evidences dangerousness. *See United States v. Brown*, 2024 WL 5161946, at *4 (E.D. Mich. Dec. 18, 2024) (collecting cases). Indeed, "[f]leeing and eluding. . .can properly be considered as falling into the second category of offenses. . .under. . .*Williams*." *Raphael Williams*, 2025 WL 113626, at *3.

## IV.   CONCLUSION

Parkinson's prior conviction for discharge of a firearm from a motor vehicle provides strong evidence of dangerousness. His drug trafficking convictions and fleeing from police further support a finding that Parkinson is dangerous, and he has not met his heavy burden to show that he is not. Accordingly, Parkinson's constitutional challenge to his indictment under § 922(g)(1) fails, and his motion to dismiss (ECF No. 24) is **DENIED.**

Additionally, **IT IS ORDERED** that the trial and pretrial dates in this matter are adjourned, and a new trial date is set for June 17, 2025 at 9:00 a.m.[1] The Court will issue an amended scheduling order with all pertinent deadlines.

---

[1] The period between the date of this decision and the new trial date set out in this order shall be excludable under 18 U.S.C. § 3161(h)(7)(A). The Court finds that excluding this time serves the ends of justice and outweighs Parkinson's and the public's interest in a speedy trial because failure to do so would deny counsel for both the defendant and the government the reasonable time necessary for effective trial preparation.

Dated: May 16, 2025

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

---

18 U.S.C. § 3161(h)(7)(B)(iv); *see also United States v. Ellison*, 739 F. Supp. 3d. 564, 588 n.1 (E.D. Mich. 2024).